IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

|  |  |
|---|---|
| United States of America,   )<br>           )<br>       Plaintiff,   )<br>           )<br>    v.       )<br>           )<br>Pennie M. Shoebridge,   )<br>           )<br>       Defendant.   )<br>_____ ) | 3:14 po 4253 PCT MEA<br><br>MEMORANDUM AND ORDER |

      Before the Court is Defendant's motion (Doc. 6) to dismiss five Class B misdemeanor citations, see Doc. 1, filed against her on May 15, 2014. Defendant contends the charges must be dismissed because her right to counsel was violated by the government at the time of her arrest and detention.

      Federal Rule of Criminal Procedure 12(b)(2) provides "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial of the general issue." The "general issue" has been defined as evidence relevant to the question of guilt or innocence. See United States v. Nukida, 8 F.3d 665, 669-70 (9th Cir. 1993). A charge in a complaint may be dismissed if it is subject to a defense that may be decided solely on issues of law. See United States v. Schafer, 625 F.3d 629, 636-37 (9th Cir. 2010); United States v. Flores, 404 F.3d 320, 324 (5th Cir. 2005) (holding the

propriety of granting a motion to dismiss an indictment by pretrial motion is "contingent upon whether the infirmity in the prosecution is essentially one of law or involves determinations of fact."). Arguments raised in a motion to dismiss that rely on disputed facts should be denied. See Nukida, 8 F.3d at 669; United States v. Caputo, 288 F. Supp. 2d 912, 916 (N.D. Ill. 2003), citing United States v. Shriver, 989 F.2d 898, 906 (7th Cir. 1992).

The parties do not dispute the following facts:

On May 15, 2014, at approximately 17:22 hours, Defendant entered Grand Canyon National Park through the south entrance station driving a gold RoadTrek van. Defendant was subsequently stopped by National Park Service ("NPS") law enforcement rangers within the boundaries of Grand Canyon National Park. As a result of the traffic stop Defendant was arrested. Defendant was ultimately charged with the following five Class B misdemeanors: (1) reckless driving, in violation of 36 C.F.R. §4.2,[1] as defined by Arizona Revised Statutes § 28-693A; (2) having an open container of alcohol in her vehicle, in violation of 36 C.F.R. §4.14(b); (3) operating a vehicle while under the influence of alcohol, in violation of 36 C.F.R. §4.23(a)(1); (4) refusing to take a test to establish the amount

---

[1]
(a) Unless specifically addressed by regulations in this chapter, traffic and the use of vehicles within a park area are governed by State law. State law that is now or may later be in effect is adopted and made a part of the regulations in this part.
(b) Violating a provision of State law is prohibited.

of alcohol in her system, in violation of 36 C.F.R. §4.23(c)(2); and interference with a lawful order from a law enforcement officer, in violation of 36 C.F.R. §2.32(a)(2).

In her motion to dismiss Defendant asserts that, during her detention by the NPS rangers for investigation of driving under the influence of alcohol, she made several requests to consult with an attorney and each time her request was ignored or rejected. Defendant argues, citing this Court's opinion in United States v. Goodwin, 927 F. Supp. 2d 807 (2013), that the Assimilative Crimes Act ("ACA"), codified at 18 U.S.C. § 13, applies to this prosecution. Defendant further contends that, because the ACA applies, this Court must apply Rule 6.1(a) of the Arizona Rules of Criminal Procedure and the Arizona appellate courts' decisions interpreting that rule to her case. Defendant argues that Rule 6.1(a) provides a broader right to counsel than that provided by federal law. See Doc. 6 at 3 ("Rule 6.1(a) states the defendant has a right to consult in private with an attorney as soon as feasible after arrest."). Defendant maintains that, because her right to counsel was violated, the Arizona Supreme Court's decision in McNutt v. Superior Court, 133 Ariz. 7, 648 P.2d 122 (1982) (en banc), which found that a defendant's right to due process could be implicated if a defendant was not allowed to contact counsel when being investigated for DUI, mandates dismissal of all the pending charges. Id. at 3-4.[2]

---

[2] Defendant also cites "State v. Holland, [in which] the Arizona Supreme Court ordered DUI charges dismissed with prejudice, after the arresting officer refused to let the defendant have private consultation with his attorney. 147 Ariz. 453, 456, 711 P.2d 592, 595

-3-

In the government's written response (Doc. 7) the government takes no position as to whether the ACA applies to this prosecution. The government does assert, however, that Defendant was not denied her Sixth Amendment right to counsel. The government further argues that, even under Arizona law Defendant's right to counsel was not violated because the NPS rangers' actions were reasonable given that the rangers were timely pursuing an investigation.

The government also maintains Defendant did not request an evidentiary hearing and, therefore, the Court should decide this matter based solely upon the record. The government is correct that the face of Defendant's motion does not present a formal request for an evidentiary hearing; however, at page five of the motion Defendant indicates a desire to testify at a "requested hearing". Accordingly, it is not correct to assert Defendant has not sought an evidentiary hearing. However, the Court has concluded that the issue presented can be decided as a matter of law and that an evidentiary hearing is not required. The parties agree to the essential facts, i.e., that Defendant made requests for counsel; the parties disagree as to the timing of the requests and the rangers' responses to these requests. The different assertions of facts do not change the legal analysis and, accordingly, the motion to dismiss is ripe for resolution without an evidentiary hearing.

The Assimilative Crimes Act ("ACA"), codified at 18 U.S.C. § 13, states in pertinent part:

---

(1985)". Doc. 6 at 4.

> Whoever within or upon any of the places now existing or hereafter reserved or acquired as provided in section 7 of this title ... is guilty of any act or omission which, *although not made punishable by any enactment of Congress, would be punishable if committed or omitted within the jurisdiction of the State* ... in which such place is situated, by the laws thereof in force at the time of such act or omission, shall be guilty of a like offense and subject to a like punishment.

(emphasis added).

Defendant relies upon this Court's opinion in <u>United States v. Goodwin</u> for the proposition that the ACA applies to this prosecution. A review of <u>Goodwin</u> fails to support Defendant's contention. The defendant in <u>Goodwin</u> was prosecuted under Arizona law, pursuant to the ACA, because NPS regulations did not penalize the defendant's conduct of allegedly abusing his puppy to such a degree it may have resulted in the puppy's death. The Court explained in considerable detail the analysis applied by the Supreme Court in <u>Lewis v. United States</u>, 523 U.S. 155, 118 S. Ct. 1135 (1998), the legal acquisition of Grand Canyon National Park, and why, in that matter, prosecution pursuant to the ACA was proper.

To the contrary in the instant matter, Defendant is charged with violating five separate specific NPS regulations. A plain reading of the language in paragraph 13(a) of the ACA quoted supra precludes application of the ACA to Defendant's case. The United States Congress, through delegation of rule-making authority to the Department of the Interior and the NPS, has made Defendant's specific alleged conduct punishable under federal law, i.e., acts "*made punishable by any enactment of*

-5-

*Congress*".  See United States v. Bohn, 622 F.3d 1129, 1134 (9th Cir. 2010); United States v. Dotson, 615 F.3d 1162, 1165-66 (9th Cir. 2010); United States v. Rocha, 598 F.3d 1144, 1147-48 (9th Cir. 2010).[3]

Even assuming the ACA did apply to this matter, the Court would not be compelled to apply Rule 6.1(a) of the Arizona Rules of Criminal Procedure.  State procedural rules do not apply to ACA prosecutions in federal court.  See, e.g., United States v. Snyder, 852 F.2d 471, 474-75 (9th Cir. 1988); United States v. DeWater, 846 F.2d 528, 530 (9th Cir. 1988); United States v. Roberts, 845 F.2d 226, 228-29 (9th Cir. 1988); United States v. Wilmer, 799 F.2d 495, 500-01 (9th Cir. 1986); United States v. Johnston, 699 F. Supp. 226, 228 (N.D. Cal. 1988).  See also Rule 1, Federal Rules of Criminal Procedure.  The federal courts have repeatedly rejected a right to consult counsel in cases presenting facts similar to this case.  See Roberts v. Maine, 48 F.3d 1287, 1290-91 (1st Cir. 1995); McVeigh v. Smith, 872 F.2d 725, 727-28 (6th Cir. 1989); Langelier v. Coleman, 861 F.2d 1508, 1511-12 (11th Cir. 1988); Capler v. City of Greenville, 422 F.2d 299, 301 (5th Cir. 1970); Stange v. Worden,

---

[3] The citation charging a violation of 36 C.F.R. §4.2 references Arizona law, Arizona Revised Statutes § 28-693A, to define the crime of Reckless Driving.  However, referencing the Arizona statute for a definition should not be confused with assimilating a state driving crime pursuant to the ACA.  See United States v. Bibbins, 637 F.3d 1087, 1094 (9th Cir. 2011); United States v. Bohn, 622 F.3d 1129, 1134-45 (9th Cir. 2010); United States v. Palmer, 956 F.2d 189, 191 n.1 (9th Cir. 1992); United States v. Sanders, 799 F.2d 557, 559 (9th Cir. 1986).  But see United States v. Reed, 734 F.3d 881 (9th Cir. 2013) (holding that, where the government specifically charged the defendant under the ACA with a state driving offense, 36 C.F.R. § 4.2 evidences an intent by the NPS to assimilate state criminal driving offenses pursuant to the ACA.)

756 F. Supp. 508, 509-10 (D. Kan. 1991). A defendant's Sixth Amendment right to counsel attaches only after the defendant appears before a judicial officer and the prosecution of that defendant has commenced, a situation clearly distinguishable from this matter. See, e.g., Rothgery v. Gillespie County, 554 U.S. 191, 194-95, 198, 213, 128 S. Ct. 2578, 2581-82 (2008); United States v. Charley, 396 F.3d 1074, 1082-83 (9th Cir. 2005); United States v. Moore, 670 F.3d 222, 233-34 (2d Cir. 2012).

In a well-reasoned unpublished opinion which this Court finds compelling, the Ninth Circuit Court of Appeals held that Rule 6.1 of the Arizona Rules of Criminal Procedure provides a broader right to consult counsel than the right found under federal law. See Perez v. Pima County Superior Ct., 2002 WL 31477940, at *2. In affirming the District Court's decision denying a writ of habeas corpus pursuant to section 2254, the Court determined that the federal Sixth Amendment right to the assistance of counsel is not violated when a defendant must take a breath test without first consulting counsel. Therefore, it is clear that Defendant does not have a federal right to consult with counsel prior to submitting to a chemical sobriety test.

Because the ACA and Arizona procedural rules do not apply to the prosecution against Defendant and Defendant's Sixth Amendment right to the assistance of counsel does not require that Defendant be allowed to consult an attorney prior to submitting to a chemical sobriety test,

**IT IS HEREBY ORDERED that** Defendant's motion to dismiss at Doc. 6 is **denied.**

1 DATED this 24th day of September, 2014.

_____
Mark E. Aspey
United States Magistrate Judge